IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :

v.  :  CRIMINAL NO. 23-157

AL-ASHRAF KHALIL, et al.  :

**GOVERNMENT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE IMPROPER DEFENSES**

The Court should preclude defendants Al-Ashraf Khalil and Isaam Jaghama from offering irrelevant defenses at trial. In his recent brief, defendant Khalil argues that he should be permitted to introduce "evidence about the foreseeability of the victim's death and the injuries to five other[] [victims]." *See* Docket No. 89 at page 1. The defendant roots his argument in *United States v. Gonzalez*, 905 F.3d 165 (3d Cir. 2018). Yet *Gonzalez* addressed a wholly different statute, which states that a defendant may receive a sentencing enhancement "if the death of a victim results" from interstate domestic violence. *Id.* at 189-190 (discussing 18 U.S.C. § 2261(b)(1)). That statute specifically states that to commit interstate domestic violence, the defendant must have the intent to kill, injure, harass, or intimidate an intimate partner. 18 U.S.C. § 2261(a)(1).

The language of 18 U.S.C. § 844(i), the statute at issue in this case, is far broader than the statutory language analyzed in *Gonzalez*. To begin with, § 844(i)

1

applies when an individual "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive…" Section 844(i) does not require an intent to harm or kill any individual.  Rather, it states that a defendant may receive a life sentence "if death results to any person, *including any public safety officer performing duties* as a direct or proximate result of conduct prohibited by this subsection." 18 U.S.C. § 844(i) (emphasis added).

Under the plain language of § 844(i), the enhancement applies if a firefighter dies (or is injured) while "performing duties" in response to an arson. *See id.* At trial, the government must prove that the victim firefighters were present at 300 W Indiana Avenue when the building collapsed because they were "performing duties as a direct or proximate result of [the defendants'] conduct." *See id.* It need <u>not</u> prove that it was foreseeable that setting a fire would kill or injure a firefighter. In arguing otherwise, the defendants attempt to rewrite the statute, so that it resembles the law at issue in *Gonzalez* and only applies "if death [or injury] foreseeably results to any person." But the actual language of §844(i) encompasses <u>any</u> death or injury suffered by a firefighter while she is "performing duties as a direct or proximate result of [an arson]." *See id.*

In *United States v. Severns*, 559 F.3d 274 (5th Cir. 2009), the Fifth Circuit Court of Appeals rightly interpreted § 844(i).  The case involved an injury to a firefighter, and the district court's interrogatory asked the jury if it found "beyond

a reasonable doubt that the fire at Lone Star Guns, Inc., resulted in personal injury to any person, including a public safety officer performing duties as a direct or proximate result of the fire." *Id.* at 281. On appeal, the Fifth Circuit rejected the defendant's argument that the government had to show that the victim firefighter's injury "was foreseeable." *Id.* at 281-282. Instead, the court affirmed the language of the interrogatory, and found that the enhancement applied since the government proved the injury "occurred as a result of [the victim's] firefighting activities." *See id.*[1]

This Court should follow *Severns* and interpret § 844(i) based on its plain language. The statute does not require a death or injury to be the foreseeable result of an arson. And since the Third Circuit has not included foreseeability as an element of § 844(i), *United States v. Minerd*, 112 F. App'x 841, 845 (3d Cir. 2004), the Court should preclude any evidence, argument, or defense that the death

---

[1] In contrast to the Fifth Circuit, *United States v. Pritchard*, 964 F.3d 513 (6th Cir. 2020), assumed that § 844(i) requires a death or injury to be the "direct or proximate result" of an arson. Such a finding contradicts the Third Circuit, which did not include foreseeability as an element of § 844(i) in *United States v. Minerd*, 112 F. App'x 841 (3d Cir. 2004), even though a victim died in that case. *See id.* at 845. Moreover, it appears that no party in *Pritchard* briefed whether foreseeability is an element of § 844(i). *Pritchard* thus interpreted § 844(i) in a way that makes the statutory phrase "any public safety officer performing duties" irrelevant. Since courts have a duty "to give effect, where possible, to every word of a statute," *Duncan v. Walker*, 533 U.S. 167, 167 (2001), *Severns* interpreted § 844(i) correctly and in accordance with its plain language.

3

and injuries suffered by the six victims in this case were unforeseeable.

>	Respectfully submitted,
>
>	JACQUELINE C. ROMERO
>	United States Attorney
>
>	 /s *Michael Miller*
>	MICHAEL MILLER
>	AMANDA R. REINITZ
>	Assistant United States Attorneys

Dated: October 23, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the following was served on all counsel of record through the Court's electronic filing system.

                                          */s Michael Miller*
                                          MICHAEL MILLER
                                          Assistant United States Attorney

Date: October 23, 2023